# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT J. HUTCHINSON,**

    **Plaintiff,**

    v.                                      Case No. 20-CV-1264

**JEFFREY KELLING,** *et al.*,

    **Defendants.**

## DECISION AND ORDER ON DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SANCTIONS

Robert Hutchinson sued the defendants under various federal statutes and state common law. I dismissed Hutchinson's claims against all of the defendants (except defendant A2LA) on the grounds that his claims were barred by the *Rooker-Feldman* doctrine. The claim against defendant A2LA was dismissed for failure to state a claim. The relevant background to this case can be found in the Decision and Order granting the motions to dismiss (Docket # 113) and I will not repeat it here.

The defendants whose claims against them were dismissed under *Rooker-Feldman* now move for sanctions against Hutchinson in the form of their attorneys' fees and costs and a filing bar preventing Hutchinson from filing another lawsuit on these claims. (Docket # 49; Docket # 81; Docket # 92.) The crux of their sanctions motions is that Hutchinson has brought, and now lost, the same claims against them in three different courts. Defendant, the American Association for Laboratory Accreditation, Inc. ("A2LA"), also moves for sanctions, arguing that Hutchinson's claim against it was without any basis in law or fact, as he did not have an ownership interest in MAI. (Docket # 31.) A2LA requests the same

relief—attorneys' fees and costs in defending this action and an order barring Hutchinson from further filing this claim against it.

The defendants move for sanctions pursuant to Fed. R. Civ. P. 11. Rule 11 provides that by presenting pleadings to the court, the filer is certifying that the filing is not being used for any improper purpose, such as to harass; that the claims, defense, and legal contentions are warranted by law; and that the factual contentions have evidentiary support. Rule 11(b). The rule further provides that if, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on the party. Rule 11(c). A motion for sanctions under Rule 11 requires that the party filing the motion serve the motion under Rule 5, but not file it until twenty-one days after service of the motion. Rule 11(c)(2). This "safe harbor" provision gives the non-movant an opportunity to withdraw or correct the allegedly violative pleading. *Id.* The defendants have all complied with Rule 11(c)'s safe harbor provision. (*See* Ex. 6 to A2LA's Mot. for Sanctions, Docket # 31-6; Decl. of Matthew Fernholz, ¶ 1, Ex. 1, Docket # 51-1 (for the Tefelskes, MAI, Plaushines, and the Cramer firm); Declaration of Terry E. Johnson ¶ 2, Ex. A, Docket # 82-1 (for Oakton Law); and Declaration of Alyssa A. Johnson, ¶ 2, Ex. A, Docket # 94-1 (for Esserlaw, Dey, and Kelling).)

In addition to this Court's authority to sanction under Rule 11, a court also has the inherent authority to fashion an appropriate sanction for conduct which abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991) ("We discern no basis for holding that the sanctioning scheme of the statute and the rules displaces the inherent power to impose sanctions for the bad-faith conduct described above."). The *Chambers* Court warned, however, that because of its potency, a court must exercise its inherent powers with restraint and

discretion. *Id.* at 44. "Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Ramirez v. T & H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). "The sanction imposed should be proportionate to the gravity of the offense." *Montano v. City of Chi.*, 535 F.3d 558, 563 (7th Cir. 2008) (citing *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003)).

This is not the first time defendants have sought sanctions against Hutchinson for filings related to his continued contention that he did not agree to sell the business books and records of MAI to the Tefelskes. The Waukesha County Circuit Court sanctioned Hutchinson twice for frivolous filings. (*See Old Metallurgical Assocs. v. New Mai, Inc.*, 2019 WI App 21, ¶¶ 6–8, 386 Wis. 2d 630, 927 N.W.2d 929 (unpublished slip op.) (per curiam). Undeterred, and even after receiving an adverse decision from the Wisconsin Court of Appeals, Hutchinson filed a lawsuit in the Northern District of Georgia, naming the same defendants from his state court litigation, but adding A2LA. (Docket # 35-4.) After the federal court in Georgia dismissed his claims, Hutchinson *again* filed a complaint with the same allegations in this Court. (Docket # 1.) And despite receiving the defendants' sanctions motions under Rule 11, explaining the *Rooker-Feldman* bar (which indisputably bars his claims), Hutchinson continued to pursue the litigation. Furthermore, even after repeated sanctioning by the state court, Hutchinson has paid only one of his court-ordered sanctions after threat of jail. (*See* Docket 31 at 1 n.1.)

For this reason, I will grant the defendants' request that Hutchinson be barred from further filings in this Court regarding the allegations alleged in the instant complaint. Generally, a filing bar is only imposed "as a last resort" when a litigant "refuses to pay

outstanding fees imposed for abusing the judicial process." *Gay v. Chandra*, 682 F.3d 590, 596 (7th Cir. 2012). Even though Hutchinson has not yet refused to pay a sanction award imposed by this Court, given the multiple sanctions imposed by the state court that Hutchinson has refused to pay, and given his continued filing of the same lawsuit in multiple forums, I find that imposing a filing bar is the only way to stop Hutchinson's vexatious filing. *See id.* ("We leave it to the district court to decide in the first instance whether [plaintiff's] litigation history and refusal to pay outstanding debts justifies the sanction of a filing bar. If the court so decides, it must carefully craft a bar that is appropriate for this particular party. And even then the bar can apply only to future filings.") (internal citations omitted). Thus, Hutchinson is barred from future filings in this district against the defendants named in this lawsuit, arising out of the litigation over the ownership of MAI's books and records.

I will also award the parties their reasonable attorneys' fees and costs for having to defend this frivolous lawsuit. Each party must submit an affidavit or other certification detailing the reasonable costs and fees relating to and associated with defending this lawsuit, by **June 25, 2021**. Hutchinson will have until **July 6, 2021** to respond.

Hutchinson also filed his own sanctions motions against the defendants. (Docket # 95; Docket # 106; and Docket # 109.) These motions are nothing more than a rehashing of his arguments opposing the motions to dismiss and articulate no sanctionable conduct on the part of the defendants. Hutchinson's motions are denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that defendants' motions for sanctions (Docket # 31, Docket # 49, Docket # 81, and Docket # 92) are **GRANTED**.

4

Hutchinson is barred from future filings in this district against the defendants named in this lawsuit, arising out of the litigation over the ownership of MAI's books and records.

Each party must submit an affidavit or other certification detailing the reasonable costs and fees relating to and associated with defending this lawsuit, by **June 25, 2021**. Hutchinson will have until **July 6, 2021** to respond.

**IT IS FURTHER ORDERED** that plaintiff's motions for sanctions (Docket # 95, Docket # 106, and Docket # 109) are **DENIED**.

Dated at Milwaukee Wisconsin this 14th day of June, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge