# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ROBERT J. HUTCHINSON,**

    **Plaintiff,**

  **v.**                                                                                                                                                              **Case No. 20-CV-1264**

**JEFFREY KELLING,** *et al.*,

    **Defendants.**

---

## DECISION AND ORDER ON MOTION TO ALTER JUDGMENT

---

On June 14, 2021, I granted four motions to dismiss filed by the ten defendants in this case on the grounds that plaintiff Hutchinson's claims against all defendants, except the American Association for Laboratory Accreditation, Inc. ("A2LA"), were barred by the *Rooker-Feldman* doctrine. I found that Hutchinson's single cause of action against A2LA failed to state a claim upon which relief can be granted. (Docket # 113.) On the same day, I granted the defendants' motion for sanctions, requesting attorney's fees and a bar to future filings related to the ownership of MAI's books and records. (Docket # 114.) I found that Hutchinson had a history of filing vexatious lawsuits as to this issue and that a filing bar was necessary to prevent further litigation on this issue as monetary sanctions proved ineffective in the past. (*Id.*) Presently before me is Hutchinson's motion to alter the judgment pursuant to Fed. R. Civ. P. 59(e). (Docket # 127.) For the reasons I explain below, Hutchinson's motion is denied.

Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very

limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

Hutchinson does not present newly discovered evidence. Rather, he argues that the decision granting the motions to dismiss contains manifest errors of law and fact. (Docket # 127.) First, Hutchinson argues that the dismissal based on the *Rooker-Feldman* doctrine was improper because the decision contained a manifest error of fact. Specifically, he argues that the Court's statement that Hutchinson lost before the Waukesha County Circuit Court in Case No. 2015CV2187 was incorrect because he was not a party to that action. (*Id.* at 3–4, citing Docket # 113 at 9.) While it is true that the *Rooker-Feldman* doctrine is generally inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state court proceeding, *Lance v. Dennis*, 546 U.S. 459, 464 (2006), the purpose for that limitation is that a non-party to the state court action would not be bound by, and could not challenge, that judgment. The Supreme Court in *Lance*, however, declined to address

2

whether *Rooker-Feldman* would bar, for example, an estate taking a *de facto* appeal in a district court of an earlier state court decision involving the decedent. *Id.* at 466 n.2.

In this case, while Robert J. Hutchinson himself was not a party to Waukesha County Circuit Court Case No. 2015CV2187, the company in which he was the sole stockholder—Metallurgical Association, Inc.—was. (Declaration of Peter J. Plaushines ¶ 3, Ex. 2, Docket # 61.) Hutchinson's counsel entered an appearance in that action as follows: "we have been retained by and appear for Robert J. Hutchinson, the sole stockholder of Petitioner, Metallurgical Associates, Inc." (*Id.*) Hutchinson himself filed a claim in the receivership action. (*Id.* ¶ 5, Ex. 4.) Furthermore, Hutchinson himself appealed the circuit court's order to the Wisconsin Court of Appeals and was listed as a petitioner-appellant in *Old Metallurical Associates, Inc. and Robert Hutchinson v. New MAI, Inc., et al.*, 2019 WI App 21, 927 N.W.2d 929 (Wis. Ct. App. Mar. 20, 2019). Thus, this is not a situation where a non-party to the underlying state court action was denied an opportunity to litigate his claim in state court. Hutchinson himself was an active participant in the state court receivership action and its subsequent state court appeal and cannot now hide behind MAI to escape the *Rooker-Feldman* bar.

Next, Hutchinson argues that *Rooker-Feldman* does not apply because he is not requesting that this Court *reject* any state court judgment; rather, he is asking for this Court to *affirm* the state court's January 25, 2016 Order, which Hutchinson argues exempted the records from sale and returned title to the records of Hutchinson's corporation. (Docket # 127 at 5–7.) The *Rooker-Feldman* doctrine, however, precludes a lower federal court from reviewing, modifying, or reversing a judicial determination made by a state court, even if that determination is challenged as erroneous or unconstitutional. *See Swartz v. Heartland Equine*

3

*Rescue,* 940 F.3d 387, 390 (7th Cir. 2019). Hutchinson's bottom-line purpose in filing this case is to obtain a federal court order determining that he still owns Old MAI's business books and records. This question was clearly taken up and decided by the Waukesha County Circuit Court and addressed and affirmed by the Wisconsin Court of Appeals. Again, a federal district court does not serve as a court of appeals for the state courts. Hutchinson has not shown any manifest error of fact or law as to this Court's determination that *Rooker-Feldman* bars his lawsuit.

Finally, Hutchinson argues the Court erred in determining that his complaint against A2LA failed to state a claim and in denying him leave to amend the complaint. (Docket # 127 at 8–11.) I found that Hutchinson's claim for common law conversion against A2LA failed because he lacks a possessory interest in MAI. Hutchinson's motion for reconsideration is nothing more than a rehashing of the same arguments previously rejected. Again, the crux of Hutchinson's complaint is his disagreement with the Wisconsin Court of Appeals' determination in *Old Metallurical Associates, Inc. and Robert Hutchinson v. New MAI, Inc., et al.*, 2019 WI App 21, 927 N.W.2d 929 (Wis. Ct. App. Mar. 20, 2019) affirming that Hutchinson sold the business books and records of Old MAI to New MAI. As the court of appeals stated, the receivership case, resulting from a breach of contract case, was "reminiscent of a messy divorce." *Id.* ¶ 1. While Hutchinson continues to refuse to accept the state court's determination; the federal courts cannot rehear and redetermine the state court's findings. Finding no manifest errors of law or fact, Hutchinson's motion for reconsideration is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion to alter the judgment (Docket # 125) is **DENIED**.

4

Dated at Milwaukee, Wisconsin this 9th day of August, 2021.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge