# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT J. HUTCHINSON,**

    **Plaintiff,**

  v.                                                                            Case No. 20-CV-1264

**JEFFREY KELLING,** *et al.*,

    **Defendants.**

## DECISION AND ORDER ON DEFENDANTS' MOTIONS FOR ATTORNEY'S FEES

On June 14, 2021, I granted the defendants' motions for sanctions. (Docket # 114.) Defendants were ordered to submit an affidavit or other certification detailing the reasonable costs and fees relating to and associated with defending this lawsuit by June 25, 2021. Hutchinson was given until July 6, 2021 to respond. (*Id.* at 4.) While the defendants timely submitted their documentation in support of their requests for attorney's fees, Hutchinson did not respond.

## LEGAL STANDARD

Fed. R. Civ. P. 11 authorizes sanctions against a party who files frivolous pleadings, files pleadings for an improper purpose such as to harass, or makes allegations that they know have no basis in law or fact. *See Janky v. Batistatos*, 259 F.R.D. 373, 377 (N.D. Ind. 2009). A court may impose sanctions for a violation of Rule 11 either upon a party's motion or on its own initiative. *Id.* Rule 11's purpose is to deter frivolous filings. The district court has broad discretion in setting a sanction award that it believes will serve the deterrent purpose of Rule 11, including directing the offending party to pay the other party's reasonable attorney's fees.

*Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003). Rule 11, however, is "'not a fee-shifting statute in the sense that the loser pays . . .' [i]nstead, 'Rule 11 ensures that each side really does bear the expenses of its own case—that the proponent of a position incurs the costs of investigating the facts and the law.'" *Id.* (quoting *Mars Steel Corp. v. Cont. Bank*, 880 F.2d 928, 932 (7th Cir. 1989)). If the court determines that an award of attorney's fees will serve the deterrent purpose of Rule 11, it has an obligation to award only those fees which directly resulted from the sanctionable conduct. *Id.* "This ensures that the proponent of a sanctionable position ultimately pays the costs resulting from it, serving a dual purpose of deterrence and restitution, while avoiding blanket fee-shifting, which would have the tendency to overcompensate the opponent and penalize the proponent." *Id.* Although this analysis is an "inexact science," the court has stated that the analysis is "[e]ssentially . . . a matter of causation." *Id.* at 315. In other words, defendants should only be compensated for fees resulting from the plaintiff's sanctionable conduct.

## ANALYSIS

The ten defendants, divided into four groups, have each moved for an award of attorney's fees. I will address each request in turn.

1. *The Tefelske Defendants*

Defendants Thomas C. Tefelske, Wendy L. Tefelske, Metallurgical Associates, Inc., Peter J. Plaushines, and Cramer, Multhauf & Hammes, LLP (the "Tefelske Defendants"), request an award of attorney's fees in the amount of $64,248.14. (Docket # 119.) They contend that they incurred $20,098.75 defending this lawsuit, $35,121.25 defending Hutchinson's previous lawsuit filed in the Northern District of Georgia, and incurred $9,028.14 engaging local counsel in that matter. (*Id.*)

I decline to award the Tefelske Defendants attorney's fees incurred in litigating Hutchinson's lawsuit in the Northern District of Georgia. If the Tefelske Defendants wished to seek sanctions against Hutchinson in that matter, they should have filed a motion for sanctions in that case. I will only award the Tefelske Defendants attorney's fees reasonably incurred in litigating the case before me. Counsel for the Tefelske Defendants spent 79.2 hours, at rates between $235.00 and $285.00, for a total of $20,098.75, defending this lawsuit. (Declaration of Matthew M. Fernholz ¶¶ 2–3 and Ex. 1, Docket # 120.) Reviewing counsels' time entries relevant to the instant lawsuit, I find that the 79.2 hours, at hourly rates ranging from $235.00 to $285.00, were reasonably expended defending this lawsuit. Again, Rule 11 serves as a deterrent to filing frivolous litigation and the fees awarded must directly result from the sanctionable conduct. The fees expended by counsel for the Tefelske Defendants directly resulted from Hutchinson's sanctionable conduct—his vexatious filing of this frivolous lawsuit. Because of Hutchinson's actions, the Tefelske Defendants were forced to engage in several months of litigation, including drafting a motion to dismiss and a motion for sanctions. (Docket # 120-1.) Awarding the Tefelske Defendants the $20,098.75 expended defending this lawsuit is an appropriate sanction, serving the dual purpose of deterrence and restitution.

2. *Oakton Avenue Law Offices, S.C.*

Defendant Oakton Avenue Law Offices, S.C. seeks $15,647.50 in attorney's fees consisting of 82.2 hours billed at hourly rates ranging from $185.00 to $195.00. (Declaration of Kevin M. Fetherston ¶¶ 2, 4, Ex. A, Docket # 122.) Like the Tefelske Defendants, Oakton Law was required to respond to Hutchinson's frivolous complaint by filing a motion to dismiss, by filing a motion for sanctions, and by responding to Hutchinson's motion for

sanctions. (Docket # 122-1.) I find that awarding $15,647.50 in reasonable attorney's fees is an appropriate sanction to serve Rule 11's dual purpose of deterrence and restitution.

3. *Jeffrey Kelling, Dorothy Dey, and Esserlaw, LLC*

Defendants Jeffrey Kelling, Dorothy Dey, and Esserlaw, LLC request $31,239.00 in attorney's fees consisting of 64.8 hours performed by Attorney Alyssa Johnson in 2020 at an hourly rate of $195.00; 29.5 hours performed by Attorney Johnson in 2021 at an hourly rate of $230.00; 44.3 hours performed by Attorney Noah Fielder at an hourly rate of $260.00 in both 2020 and 2021; and three hours of work performed by paralegals and law clerks at $100.00 per hour in 2020 and 2021. (Declaration of Alyssa A. Johnson ¶¶ 2–7, Ex. A, Docket # 123.)

Although counsels' hourly rates are comparable to the rates of counsel for the Tefelske Defendants and Oakton Law, counsel spent 141.6 hours litigating this case. This number is significantly higher than the time expended by counsel for the Tefelske Defendants and Oakton Law (who expended 79.2 and 82.2 hours, respectively). Given that all three of these defendant groups raised similar *Rooker-Feldman* arguments, I find that the number of hours expended by counsel was excessive and will reduce it by 60 hours to make it in line with the time expended by counsel for their co-defendants. Thus, I will award attorney's fees in the amount of $18,768.00, which accounts for 81.6 hours billed at the rate of $230.00/hour—the higher rate of the counsel primarily involved in litigating this case.

4. *American Association for Laboratory Accreditation, Inc. ("A2LA")*

Finally, A2LA requests attorney's fees and expenses in the amount of $20,147.40, consisting of 47.8 hours billed at hourly rates ranging from $330.00 to $610.00. (Declaration of Judith G. Cornwell ¶¶ 4–10, Ex. 1, Docket # 124.) Although counsel for A2LA charges a

4

higher hourly rate than counsel for the other defendants, A2LA's counsel practices in Rockville, Maryland, in the metropolitan area of Washington, D.C. (*Id.* ¶ 2.) According to the United States Consumer Law Attorney Fee Survey Report (a publication commonly cited in support of the average hourly rate of attorneys based on practice area, years of experience, and region), *see, e.g.*, *Suleski v. Bryant Lafayette & Assocs.*, No. 09-C-960, 2010 WL 1904968, at *3 (E.D. Wis. May 10, 2010); *Moreland v. Dorsey Thornton & Assocs. L.L.C.,* No. 10-CV-867, 2011 WL 1980282, at *3 (E.D. Wis. May 20, 2011); *Spuhler v. State Collection Servs., Inc.*, No. 16-CV-1149, 2019 WL 2183803, at *2 (E.D. Wis. May 21, 2019), the average attorney rate for attorneys practicing in the District of Columbia is $572/hour. www.nclc.org/issues/litigation-tools.html (last visited Aug. 9, 2021). Furthermore, counsel avers that A2LA has paid the attorney's fees billed in full. (*Id.*) Like the other defendants, I find that the amount requested is a reasonable and appropriate sanction to compensate A2LA for defending against this frivolous lawsuit and to deter future frivolous filings.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Defendants Thomas C. Tefelske, Wendy L. Tefelske, Metallurgical Associates, Inc., Peter J. Plaushines, and Cramer, Multhauf & Hammes, LLP are awarded $20,098.75 in attorney's fees to be paid by Plaintiff Hutchinson;

**IT IS FURTHER ORDERED** that Defendant Oakton Avenue Law Offices, S.C. is awarded $15,647.50 in attorney's fees to be paid by Plaintiff Hutchinson;

**IT IS FURTHER ORDERED** that Defendants Jeffrey Kelling, Dorothy Dey, and Esserlaw, LLC are awarded $18,768.00 in attorney's fees to be paid by Plaintiff Hutchinson;

**FINALLY, IT IS ORDERED** that Defendant American Association for Laboratory Accreditation, Inc. is awarded $20,147.40 in attorney's fees to be paid by Plaintiff Hutchinson.

Dated at Milwaukee, Wisconsin this 9th day of August, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge